UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WATSON, | No. 2:18-cv-01472 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| JOE A. LIZARRAGA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's complaint as well as his motion to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. ECF No. 7.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.      Allegations in the Complaint**

Plaintiff alleges that the disciplinary officers and other Mule Creek correctional staff violated his right to due process when they reviewed his November 22, 2017 Rules Violation Report ("RVR") for fighting with another inmate.  ECF No. 1 at 6.  Following an administrative hearing, plaintiff received a 90-day loss of good conduct credits which ultimately resulted in his release date being postponed.  See ECF No. 1 at 17 (explaining application of Prop. 57 on plaintiff's release date even though he had applied to have his credits restored).  By way of relief, plaintiff seeks his immediate release from custody.  ECF No. 1 at 4.

////

On August 22, 2018 plaintiff filed a notice of change of address which indicates that he is no longer in the custody of the California Department of Corrections and Rehabilitation.[1] ECF No. 8.

**III.  Analysis**

Based on his request for relief, it appears plaintiff filed the instant § 1983 lawsuit seeking his release from prison. See ECF No. 1 at 4. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

It further appears that this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its

---

[1] Based on his release from CDCR custody, the court recommends denying his motion to proceed in forma pauperis as moot since he has no inmate trust account from which the filing fees for this action can be deducted.

[2] Plaintiff is advised that an inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
1) Advance written notice of the charges;
2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

If plaintiff prevails on his claims, a judgment in his favor will necessarily imply the invalidity of his disciplinary conviction and any resulting credit loss. See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's § 1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.

While the court would normally grant plaintiff one opportunity to amend the complaint in order to show why the Heck bar does not apply, in this case, it appears that plaintiff's challenge has also become moot in light of his release from CDCR custody. See ECF No. 8. As a result, the undersigned is recommending dismissal of plaintiff's complaint without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed without prejudice; and,

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied as moot; and,

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 21, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wats1472.f&r.docx

4